UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ANTONYA MOSS,

                Petitioner,                Case No. 2:20-CV-11381
                                                      Hon. Victoria A. Roberts

v.

O.T. WINN, WARDEN,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

John Antonya Moss is a state prisoner incarcerated at the Saginaw Correctional Facility by virtue of his Berrien Circuit Court third-degree criminal sexual conduct conviction. Moss titles this action as a "Pro Se Petition for Emergency Release Due to Coronavirus Pandemic." His brief pleading notes the spread of the coronavirus throughout crowded Michigan Department of Corrections facilities, including his own. He asserts that his continued detention under these violates the Eighth Amendment and justifies his early release. For the reasons stated below, the action will be dismissed without prejudice.

      A threshold question is whether this is a habeas corpus case or a civil rights case. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement are proper subjects for relief under § 1983. *Id*. The remedy sought by Moss for the alleged constitutional violation—release from custody and not damages or injunctive relief—is in

the nature of habeas relief. See *Preiser*, 411 U.S. at 484; *Harrison v. Wolcott*, 2020 U.S. Dist. LEXIS 98416, *7 (W.D.N.Y. June 4, 2020).

The Court will therefore address Moss's petition as one for a writ of habeas corpus. Indeed, the Sixth Circuit has suggested it is error to recharacterize a pleading seeking habeas relief as a civil action. *Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004). And because Moss is being held in custody as the result of state court conviction and not as a pretrial detainee or for some other reason, the petition is one under 28 U.S.C. § 2254 and not 28 U.S.C. § 2241. See *Rittenbury v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* The district court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Failure to exhaust under § 2254 may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In this case, the Moss does not allege that he has made any effort, either in the Michigan Department of Corrections or in the Michigan courts, to seek redress on his claim that the pandemic entitles him to relief. Although the outbreak of the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying many court proceedings, there is no indication that Moss cannot obtain relief in the state courts. Moss fails to allege a lack of state court corrective process or the futility of exhaustion. See 28 U.S.C. § 2254(b)(1)(B); *Money v. Pritzker*, 2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (holding that Section 2254's exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"); *Griffin v. Cook*, 2020 WL 2735886, at *2-3 (D. Conn. May 26, 2020) (refusing to consider Section 2254 petition as a Section 2241 petition and dismissing Section 2254 petition for failure to exhaust).

As a result, this action is subject to dismissal without prejudice on exhaustion grounds.

**IT IS ORDERED:**

1. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

2. A certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); and

3. Permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Court

Dated: 7/16/2020